# IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
## CIVIL DIVISION

MARY JANE RUSSELL, as SPECIAL ADMINISTRATRIX
OF THE ESTATE OF JAKE BRADLEY RUSSELL,
and ON BEHALF OF MARY JANE RUSSELL, JAMES BRADLEY
RUSSELL, JOSEPH CLINT RUSSELL, and JESSICA
RUSSELL JONES, as the WRONGFUL DEATH
BENEFICIARIES OF JAKE BRADLEY RUSSELL,

    Plaintiffs,

v.                                      NO. 18CV-21-21

                                                              JURY DEMANDED

HBC TRANSPORTATION, INC. and MURSAL B.
KULMIYE

    Defendants.

## COMPLAINT FOR PERSONAL INJURIES
## AND WRONGFUL DEATH

COME NOW Plaintiffs Mary Jane Russell, as Special Administratrix of the Estate of Jake Bradley Russell, as Special Administrator and as Personal Representative of the Estate of Jake Bradley Russell, on behalf of the Estate, herself individually and all wrongful death beneficiaries, who are Mary Jane Russell, James Bradley Russell, Joseph Clint Russell, and Jessica Russell Jones, and sues HBC Transportation, Inc. and Mursal B. Kulmiye for personal injuries and wrongful death. For causes of action, Plaintiffs state:

### I.

### PARTIES, JURISDICTION, AND VENUE

1. Mary Jane Russell was the mother of Jake Bradley Russell ("Mr. Russell). She is the Special Administratrix of the Estate of Mr. Russell, and she brings claims for the estate and


claims for all wrongful death beneficiaries of Mr. Russell. She is an adult resident of the State of Tennessee.

2. James Bradley Russell was the father of Mr. Russell. He is an adult resident of the State of Tennessee.

3. Joseph Clint Russell was the brother of Mr. Russell. He is an adult resident of the State of Tennessee.

4. Jessica Russell Jones was the sister of Mr. Russell. She is an adult resident of the State of Tennessee.

5. Mr. Russell was a citizen of the State of Tennessee before his death although he was temporarily living in Arkansas while working there at the time of his death. He was not married, has no children, and he has no other heirs or siblings outside of those named above.

6. HBC Transportation, Inc. is Canadian Corporation with its principal place of business located in Brampton, Ontario. HBC Transportation, Inc. can be served in Arkansas through their registered agent Deborah L. Webb at 1522 1/2 E. Race Avenue, Searcy, AR 72143.

7. Mursal Kulmiye is a Canadian resident. He can be served by certified mail, return receipt requested and delivery restricted to addressee at 1401-320 Dixon Road, Etobicoke, Ontario MDR 1S8, Canada.

8. The acts and omissions giving rise to this lawsuit occurred in Crittenden County, Arkansas. This Court has proper jurisdiction and venue over this action and the parties hereto. This lawsuit is timely filed pursuant to applicable Arkansas law.

## II.

## FACTS

9. On January 12, 2020, Mursal Kulmiye ("Defendant Driver") was an employee of HBC Transportation ("Defendant HBC"). On that same date, he was driving a 2018 Freightliner Cascadia, which was registered to Defendant HBC ("Defendants' Truck").

10. On January 12, 2020, at or around 5:30 p.m., Mr. Russell was travelling east on Southland Drive in Crittenden County, Arkansas, in a 2013 GMC Sierra. He was travelling in the left lane of the two eastbound lanes.

11. At the same time, Defendant Driver was pulling out of the Pilot Travel Center, located at 110 Martin Luther King Boulevard, West Memphis, Arkansas 72301. Defendant Driver turned right onto Southland Drive out of the Pilot Travel Center.

12. Rather than turning into the right lane of the two eastbound lanes, Defendant Driver pulled out into the left lane of the two eastbound lanes.

13. When Defendant Driver improperly pulled Defendants' Truck into the left lane of the two eastbound lanes, Mr. Russell was unable to stop his car in time, and he was crushed by the back of the Defendants' Truck.

14. Mr. Russell's vehicle was crushed on impact. Mr. Russell's head slammed into the windshield, leaving behind an indentation and some of his hair. His legs were trapped by the crushed dash. Mr. Russell had multiple facial lacerations, a left lower anterior ribcage deformity, a left distal femur deformity, crepitus with shortening of his leg, and signs of injury to his proximal tibia.

15. Paramedics rushed Mr. Russell to Regional One in Memphis, Tennessee, for treatment. Mr. Russell was bleeding profusely, and hospital staff could not stop the bleeding. Mr. Russell received numerous blood transfusions to replace the blood that he was losing, and he underwent multiple surgeries on his abdomen to try to stop the bleeding.

16.     At Regional One, Mr. Russell was diagnosed with an open fracture to his left patella and a traumatic hemoperitoneum.

17.     On January 13, 2020, Mr. Russell died from the injuries that he suffered in the collision with Defendant Driver and Defendants' Truck. His cause of death was listed as blunt trauma to the abdomen, which was caused by the collision with Defendant Driver and Defendants' Truck.

18.     Defendant Driver was ticketed for the incident. He was cited for Failure to Yield at an Intersection. Defendant Driver waived his appearance and trial, pleaded guilty to the offense, and paid the corresponding fine.

19.     Defendant Driver was the driver of Defendants' Truck at the time of the collision. He worked for Defendant HBC and was on or about its business at the time of the collision. Defendant HBC is legally responsible and vicariously liable for the negligent acts and omissions of Defendant Driver, pursuant to agency principles and the doctrine of *respondeat superior*.

20.     Defendant HBC, as owner of the vehicle, provided the vehicle to Defendant Driver and intended that the vehicle be used by him in furtherance of Defendant HBC's business at the time and at the location of the crash. Defendant Driver was acting as the agent of Defendant HBC at the time of the crash. Based on agency principles Defendant HBC is liable for the negligent acts and omissions of Defendant Driver.

### III.

### CAUSES OF ACTION

21.     Defendant Driver failed to exercise due care under the existing circumstances for the safety of others properly upon the subject roadway.

22. Defendant Driver was guilty of the following acts of common law negligence, each one of which was a direct and proximate cause of the injuries and damages suffered by Mr. Russell, including, without limitation, his death:

    (a) Failing to maintain a proper lookout;

    (b) Failing to pay full time and attention to the operation of his vehicle;

    (c) Failing to operate a vehicle with the degree and care and caution required of a reasonably prudent person under the same or similar circumstances;

    (d) Failing to maintain a due and proper lookout for other vehicles properly on the roadway in the direction he was driving;

    (e) Failing to avoid a collision, including taking appropriate preventive or evasive action, when he knew and/or should have known that a collision was likely;

    (f) Failure to use the care and caution required under the existing circumstances and conditions for the safety of himself and others properly on the subject roadway;

    (g) Careless driving;

    (h) Operating his vehicle in an unreasonable and imprudent manner; and

    (i) Such other negligent acts and omissions as may be shown at trial.

23. Defendant HBC, in addition to being liable for the actions of Defendant Driver under agency principles, is also guilty of one or more of the following acts of common law negligence, each one of which was the proximate cause and cause in fact of the injuries and damages suffered by Mr. Russell, including without limitation, his death:

    (a) Providing an unsafe vehicle for the operation of transportation by Defendant Driver;

(b) Failing to adequately train Defendant Driver in the proper and safe operation of a vehicle;

(c) Negligent hiring in hiring Defendant Driver who was untrained in the safe operation of a vehicle; and

(d) Failing to act as a reasonable and prudent person would under the same or similar circumstances.

24. Defendant Driver is guilty of violating the following statutes of the State of Arkansas, which were in full force and effect at the time of the accident, each one of which was passed to protect a class of persons including Mr. Russell, said violations constituting negligence *per se*:

(a) Ark. Code § 27-51-104(a)    Careless and Prohibited Driving;

(b) Ark. Code § 27-51-104(b)    Careless and Prohibited Driving;

(c) Ark. Code § 27-51-302(1)    Roadways Divided into Lanes;

(d) Ark Code § 27-51-401(1)    Intersections;

(e) Ark Code § 27-51-501    Approaching and Entering;

(f) Ark. Code § 27-51-503    Stop or Yield Intersections; and

(g) Ark. Code § 27-51-603    Exiting Private Roads, Driveways.

25. Mr. Russell was a member of the class of persons sought to be protected by the foregoing Arkansas statutes; his devastating injuries were of a type sought to be avoided by said statutes; and the violations of said statutes identified above were the direct and proximate cause of said injuries and the death of Mr. Russell.

6

26.     These violations by Defendant Driver of the foregoing statutes of the State of Arkansas were the proximate cause and cause in fact of the injuries and damages sustained by Mr. Russell, including, without limitation, his death.

27.     HBC Transportation is vicariously liable for the negligence and negligence *per se* of Defendant Driver, its agent, servant, and employee, pursuant to agency principles and the doctrine of *respondeat superior*.

## IV.

## DAMAGES

28.     Plaintiffs Mary Jane Russell, as Special Administratrix of the Estate of Jake Bradley Russell, and on behalf of all wrongful death beneficiaries of Jake Bradley Russell, who are Mary Jane Russell, James Bradley Russell, Joseph Clint Russell, and Jessica Russell Jones, pursuant to Ark Code § 16-62-101 and 16-62-102, are entitled to damages as a result of the personal injuries and wrongful death of Mr. Russell, which was caused by the negligence and negligence *per se* of Defendant Driver and the negligence of Defendant HBC.

29.     As a direct and proximate result of the aforesaid acts of negligence and negligence *per se* of Defendants, Mr. Russell and his beneficiaries suffered harm, including but not limited to, the following:

        (a)     Personal injuries;

        (b)     Medical expenses;

        (c)     Pain and suffering and emotional distress;

        (d)     Loss of the enjoyment of life;

        (e)     Economic damages;

        (g)     Loss of future wages;

      (h)     Loss of consortium and companionship, and

      (i)     Loss of life and funeral expenses.

30.    Plaintiffs are entitled to recover any and all damages recoverable under the wrongful death statutes, Ark Code § 16-62-101 and 16-62-102, for the death of Mr. Russell, and all other damages available under Arkansas law.

31.    All wrongful death beneficiaries of Mr. Russell are entitled to recover damages for loss of consortium, emotional distress, mental and emotional suffering, and pain & suffering as a result of the death of Mr. Russell.

## V.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray:

1.    For summons to issue requiring Defendants to answer within the time required by law;

2.    For the facts to be tried to a jury;

3.    For Plaintiffs to be awarded compensatory damages in an amount to be determined by a jury, which amount could exceed the amount necessary for Federal Court jurisdiction;

4.    For Plaintiffs to be awarded all damages recoverable under Arkansas law, including all damages allowed under Ark. Code Ann. § 16-62-101, Ark. Code Ann. § 16-62-102, Ark. Code Ann. § 16-114-201 *et seq.* and/or Arkansas common law and tort law;

5.    For Plaintiffs to be awarded pre-judgment and post-judgment interest, as well as discretionary costs and other relief to which they may be entitled; and

6.    For Plaintiffs to be awarded such other relief, both general and specific, to which they may be entitled.

**PLAINTIFF DEMANDS THAT THIS CASE BE TRIED BY A JURY.**

Respectfully submitted,

BURCH, PORTER & JOHNSON, PLLC

_____
R. Porter Feild (Ark Bar # 08113)
BURCH, PORTER & JOHNSON, PLLC
130 North Court Avenue
Memphis, Tennessee 38103
Phone: (901) 524-5000
Fax: (901) 524-5024
pfeild@bpjlaw.com

Attorney for Plaintiffs